T.C. Summary Opinion 2006-31

UNITED STATES TAX COURT

NATHANIEL A. MCCULLOUGH, JR., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14718-04S.                Filed February 21, 2006.

Nathaniel A. McCullough, Jr., pro se.

<u>Chang Ted Li</u>, for respondent.

GOLDBERG, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioner's Federal income tax of $4,649 for the taxable year 2003.

After concessions,[1] the issues for decision are: (1) Whether petitioner is entitled to head of household filing status; (2) whether petitioner may amend his 2003 tax return by filing a joint return after he has received a notice of deficiency for the 2003 tax year and timely petitioned this Court for review of such deficiency; and (3) whether petitioner is entitled to an earned income credit for taxable year 2003.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioner resided in Baltimore, Maryland, on the date the petition was filed in this case.

In the beginning of taxable year 2003, petitioner was involved in a romantic relationship with Madeline Godley (Ms. Godley). At this time, they were dating and living in separate

---

[1]Petitioner listed KM and MH (the Court uses only the minor children's initials) as dependents on his tax return for the taxable year 2003. Additionally, petitioner claimed a childcare credit, a child tax credit, and an additional child tax credit on his tax return for the taxable year 2003. In the notice of deficiency, respondent disallowed petitioner's claimed dependency exemption deductions, childcare credit, and child tax credits. However, before trial, respondent conceded that petitioner was entitled to the dependency exemption deductions, childcare credit, and child tax credits for the taxable year 2003.

residences.  On October 13, 2003, petitioner and Ms. Godley married.  After the marriage, Ms. Godley and her son from a previous marriage moved in with petitioner and his son, also from a previous marriage.  Petitioner and Ms. Godley were still married at the time of trial.

Ms. Godley, separate from petitioner, filed a Federal income tax return for the taxable year 2003.  On her 2003 Federal income tax return, Ms. Godley filed as a head of household.

Petitioner timely filed his Form 1040A, U.S. Individual Income Tax Return, for the taxable year 2003.  Petitioner filed his 2003 Federal income tax return as a head of household and claimed dependency exemption deductions for KM and MH. Petitioner also claimed an earned income credit with KM and MH as the qualifying children.  Additionally, petitioner claimed a childcare credit, a child tax credit, and an additional child tax credit on his tax return for the taxable year 2003.

On June 7, 2004, respondent issued a notice of deficiency denying petitioner (1) head of household filing status, (2) the claimed dependency exemption deductions, (3) the claimed earned income credit, (4) the claimed childcare credit, and (5) the claimed child tax credits.  However, as previously noted, before trial respondent conceded that petitioner was entitled to the dependency exemption deductions, childcare credit, and child tax credits for the taxable year 2003.

On August 16, 2004, petitioner timely petitioned this Court for redetermination of the deficiency.

## Discussion[2]

### 1. Head of Household

Petitioner filed his 2003 Federal income tax return as a head of household, and respondent changed the filing status to single in the notice of deficiency.

Section 1(b) imposes a special income tax rate on an individual filing as head of household.  Section 2(b) provides the requirements for head of household filing status.  As relevant here, to qualify as a head of a household a taxpayer must (a) be unmarried at the end of the taxable year, (b) not be a surviving spouse, and (c) maintain as the taxpayer's home a household that constitutes the principal place of abode of an unmarried son or daughter.  Sec. 2(b)(1)(A)(i).

Section 2(b)(1) clearly states that "an individual shall be considered a head of a household if, and only if, such individual is not married at the close of his taxable year".  The record of the present case is clear that petitioner was married to Ms. Godley at the close of taxable year 2003.  It follows, therefore, that petitioner is not entitled to head of household filing

---

[2]We decide the issues in this case without regard to the burden of proof.  Accordingly, we need not decide whether the general rule of sec. 7491(a)(1) is applicable in this case.  See Higbee v. Commissioner, 116 T.C. 438 (2001).

status for the taxable year 2003. Accordingly, respondent's determination on this issue is sustained.

2.  Joint Return

Petitioner, in his petition to this Court, requests that the "IRS [Internal Revenue Service] refigure [sic] * * * [his] tax for 2003 base [sic] on the filing status 'Married Filing Jointly'". In other words, petitioner alleges that he should be allowed to amend his filing status on his 2003 tax return from head of household to married filing jointly. However, respondent contends that pursuant to section 6013(b)(2)(B) petitioner is not entitled to file a joint return with his spouse because the Commissioner mailed a notice of deficiency for the taxable year 2003 to petitioner and, after receipt, petitioner timely filed a petition in this Court.

Section 6013, in general, entitles married taxpayers to make a joint income tax return. See sec. 6013(a). Section 6013(b)(1) further provides even where a taxpayer has filed a separate return for a taxable year and the time prescribed for filing has expired, the taxpayer may nevertheless make a joint return with his or her spouse, subject to specified limitations. One such limitation is provided by section 6013(b)(2)(B). Section 6013(b)(2)(B) states:

> (2) Limitations for making of election. The election
> provided for in paragraph (1) may not be made--

>     \*      \*      \*      \*      \*      \*      \*

(B) after there has been mailed to either spouse, with respect to such taxable year, a notice of deficiency under section 6212, if the spouse, as to such notice, files a petition with the Tax Court within the time prescribed in section 6213;

In the present case, petitioner received the notice of deficiency issued by respondent, and he filed a timely petition with this Court.  Therefore, pursuant to section 6013(b)(2)(B) petitioner is not entitled to make an election to file a joint return with his spouse for the taxable year 2003.  See Mischel v. Commissioner, T.C. Memo. 1997-350.  Accordingly, respondent's determination on this issue is sustained.

3.  Earned Income Credit

As previously stated, petitioner claimed an earned income credit for taxable year 2003 with KM and MH as the qualifying children.  In the notice of deficiency, respondent disallowed the earned income credit in full.

Subject to certain limitations, an eligible individual is allowed a credit which is calculated as a percentage of the individual's earned income.  Sec. 32(a)(1).  One such limitation applies to married individuals.  Section 32(d) provides:  "In the case of an individual who is married (within the meaning of section 7703), this section shall apply only if a joint return is filed for the taxable year under section 6013."  Section 7703 provides that "the determination of whether an individual is married shall be made as of the close of his taxable year".

As previously stated, the record of the present case is clear that petitioner was married to Ms. Godley at the close of taxable year 2003. Therefore, since petitioner did not file a joint return for taxable year 2003 and, pursuant to our holding in the present case, he is not entitled to file a joint return with his spouse for the 2003 taxable year, petitioner is not entitled to an earned income credit for taxable year 2003. Respondent's determination on this issue is sustained.

Furthermore, we have considered all of the other arguments made by petitioner, and, to the extent that we have not specifically addressed them, we conclude they are without merit.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered

under Rule 155.